# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13-cv-45-RJC

| | |
|---|---|
| JAMES ANTHONY PARKER, | ) |
| Petitioner, | ) |
| v. | ) **ORDER** |
| CARLTON JOYNER, Administrator, | ) |
| Harnett Correctional Institution, | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on consideration of Respondent's motion for summary judgment as to the claims raised by Petitioner in his petition for habeas corpus, filed pursuant to 28 U.S.C. § 2254. For the reasons that follow, Respondent's motion for summary judgment will be granted, and Petitioner's § 2254 petition will be denied and dismissed.

**I.   BACKGROUND**

According to the website of the North Carolina Department of Public Safety, Petitioner is a prisoner of the State of North Carolina following his conviction on one count of first-degree kidnapping (principal), conspiracy to commit first-degree kidnapping; and assault inflicting serious injury (principal). On March 28, 2005, Petitioner was sentenced in Cleveland County Superior Court to a total term of over 23-years' imprisonment; his projected release date is March 28, 2025.

Petitioner filed a direct appeal to the North Carolina Court of Appeals and the court summarized the evidence against Petitioner as follows:

> The evidence of the State tends to show that on the evening of 7 January 2007 Christopher Mitchell was walking home when a lady in an automobile stopped and asked him "where to get some," referring

1

> to crack cocaine. Mitchell, who had worked as a confidential
> informant, got into the lady's vehicle and directed her to drive to
> the home of Ivey Hall approximately a block and a half away. The
> lady went into the house while Mitchell waited outside in the
> automobile. Ivey Hall approached the automobile and told Mitchell
> to get out of the car. Meanwhile, defendant picked up a block and
> placed it behind a tire of the car. Mitchell tried to lock the
> doors but Ivey and defendant pulled him out of the car. Proclaiming
> Mitchell "wouldn't snitch on nobody else," Hall and defendant beat,
> kicked and stomped on Mitchell. Defendant also struck Mitchell's
> face with a gun. Mitchell freed himself from his attackers and ran
> to his sister's house, where he collapsed and passed out. He was
> taken by ambulance to a hospital, where he was treated and released
> later that night. Mitchell experienced pain in his side and ribs
> for more than a month. He continued to experience severe
> headaches, numbness in his right hand as a result of nerve damage,
> and difficulty sleeping on his left side as of the time of trial.

State v. Parker, 197 N.C. App. 403, 677 S.E.2d 13 (Table) (N.C. Ct. App. June 2, 2009).

In his appeal, Petitioner raised one claim of error: That the evidence presented against him at trial was insufficient to support the conviction for conspiracy to commit first-degree kidnapping. The court of appeals easily dismissed this argument and Petitioner did not seek a petition for discretionary review from the Supreme Court of North Carolina.[1]

On February 4, 2013, Petitioner filed a motion for appropriate relief (MAR) in the North Carolina Court of Appeals which was dismissed after the State filed a motion to dismiss. State v. Parker, No. P13-07 (N.C. Ct. App. Feb. 8, 2013). See (Doc. No. 6-6: MAR; Doc. No. 6-8: Court of Appeals Order).

On February 21, 2013, Petitioner's § 2254 petition was docketed in this Court. Petitioner's raises three claims for relief, which appear to be the same claims that he mistakenly tried to raise in a MAR before the court of appeals, and not before the superior court in the first instance as provided by North Carolina law. See N.C. Gen. Stat. § 15A-1420(b1)(1) (a MAR

---

[1] Interestingly, in his verified 2254 petition, Petitioner avers that he did not appeal his conviction. (Doc. No. 1 at 4).

"proceeding shall be commenced by filing with the clerk of superior court of the district wherein the defendant was indicted a [MAR] . . .").

In his first claim, Petitioner contends that his convictions for assault inflicting serious injury and first-degree kidnapping present the same elements and therefore his right to be free from Double Jeopardy was violated when he was sentenced on both convictions. In his second and third claim for relief, Petitioner argues that he received ineffective assistance of counsel because a plea offer was withheld from Petitioner which he contends, had he accepted it, would have resulted in a reduced term of imprisonment.

The Respondent filed a motion for summary judgment and attached numerous exhibits related to Petitioner's state prosecution and his MAR proceedings. Petitioner was notified, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his obligation to respond to the motion for summary judgment and of his right to present any evidence to support his claims. (Doc. No. 7). Petitioner has filed a response and this matter is now ready for disposition.

## II. DISCUSSION

Respondent contends that Petitioner's § 2254 petition is untimely filed and Respondent therefore raises the affirmative defense of the one-year statute of limitation under 28 U.S.C. § 2244(d). After considering the record in this matter and the applicable law, the Court finds that Petitioner's § 2254 petition is indeed untimely, and that he can present no sufficient grounds to equitably toll the one-year limitation period. Moreover, based on the record, the Court finds no evidentiary hearing is required in deciding the issues which are raised in this proceeding. See Rule 8 of the Rules Governing Section 2254 Cases.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from timely filing;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner's criminal judgment was filed on June 30, 2008, following the entry by the superior court in Cleveland County. Petitioner's appeal was decided on June 2, 2009, and he did not seek discretionary review from the Supreme Court of North Carolina. Therefore, Petitioner's judgment became final under North Carolina's appellate system 35-days following entry of the court of appeals opinion, or on July 7, 2009. See N.C. R. App. P. 15(b) (2009) (providing for 15-days to file a petition for discretionary review following the entry of the court of appeals mandate) and 32(b) (2009) (unless otherwise ordered, the mandate shall issue 20 days after the written decision is filed).

Under § 2244(d)(1), in general, Petitioner must have filed his § 2254 petition within one year of July 7, 2009, or on July 7, 2010. Petitioner's MAR was filed, first, in the wrong state tribunal, and second, it was filed on February 4, 2013.[2] Thus, Petitioner's § 2254 petition is

---

[2] Petitioner claims that he filed a MAR in the Cleveland County Superior Court on January 15, 2013, in which he states that he raised the same claims as he raises in the present § 2254 petition. (Doc. No. 8). Petitioner contends the

roughly two and a half years outside the one year statute of limitation. The filing of the MAR, even if filed in the correct tribunal, that is, the Cleveland County Superior Court, does not serve to restart the one year limitation period. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000). Because Petitioner's § 2254 was long expired by the time he sought review through his MAR it is due to be dismissed as untimely.[3]

To the extent that Petitioner argues his habeas petition should be considered timely under § 2244(d)(1)(C) based on recent Supreme Court cases that were filed after his state judgment became final, this argument will be denied. Petitioner cites the cases of Lafler v. Cooper, 132 S. Ct. 1376 (2012) and Missouri v. Frye, 132 S. Ct. 1399 (2012), which were both filed on March 21, 2012. (Doc. No. 8-1 at 6-7). Petitioner contends that his counsel was ineffective in failing to timely communicate the plea offer from the state and in failing to properly advise him during plea negotiations.

The two-part test for ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687-88 (1984) applies to ineffective assistance claims arising out of the plea bargaining process. Lafler, 132 S. Ct. at 1384; Frye, 132 S. Ct. at 1386-87. However, Petitioner's argument regarding a timely § 2254 petition depends on a finding that in the Lafler and Frye decisions: first, the Supreme Court announced a newly recognized constitutional right, and second that the newly recognized right has been made retroactively applicable to cases on collateral review, and finally, that he filed his § 2254 petition was filed within one year of the

---

MAR was denied and that he received the order on or about January 30 2013. Petitioner does not attach a copy of this MAR, but even if he did first file it in superior court, Petitioner's § 2254 petition would nevertheless still be well over two years out of time.

[3] Petitioner's argument that his § 2254 petition should be considered timely because, as he contends, North Carolina has no statute of limitations on applying for post-conviction relief, is simply unavailing. (Doc. No. 1 at 15). As Petitioner did not seek any form of State review after his direct appeal concluded until 2013, his time for filing a § 2254 petition, at least in the present case, is governed by the one year limitation period in § 2244(d).

date the cases were filed.

Several courts have considered this question and found that Lafler and Frye did not announce a new right rather the Supreme Court simply discussed well-known principles regarding an attorney's responsibility under the Sixth and Fourteenth Amendments during plea negotiations. In sum, the many courts that have considered the issue of retroactivity have held that these decisions are not retroactive to cases on collateral review because the Supreme Court did not announce a new rule of constitutional law. See, e.g., In re Graham, 714 F.3d 1181, 1182-83 (10th Cir. 2013) (per curiam); In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012); In re King, 697 F.3d 1189 (5th Cir. 2012); Hare v. United States, 688 F.3d 878, 880 (7th Cir. 2012). Based on the foregoing, Petitioner's § 2254 petition is untimely under § 2244(d)(1)(C).

Finally, Petitioner cannot benefit from an equitable tolling of the statute of limitation. A habeas petition may be examined on the merits, in very limited circumstances, if it is untimely under § 2244(d). See Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549 (2010). A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. at ___, 130 S. Ct. at 2565 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner's arguments, such as they are, should have been known to him during his trial, or they could have been raised on direct appeal, or they could have been presented through a MAR in a timely manner. The Court finds that Petitioner cannot show that he meets either of the elements to support the extraordinary step of equitably tolling the statute of limitation.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's motion for summary judgment is **GRANTED**. (Doc. No. 5).

2. Petitioner's petition for a writ of habeas corpus, (Doc. No. 1), is **DENIED** and **DISMISSED** as untimely;

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: 1/24/2014

Robert J. Conrad, Jr.
United States District Judge